FILED
SUPERIOR COURT
OF GUAM

2022 APR -6 AM 11: 32

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOHN A. SALAS,<br><br>                    Plaintiff,<br><br>        vs.<br><br><br>KRISTEN M. RAPHAEL fka Kristen E. Mendiola,<br><br>                    Defendant. | DOMESTIC CASE NO. **DM0052-12**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 25, 2022, for hearing on Defendant Kristen M. Raphael fka Kristen E. Mendiola's ("Defendant") Motion for Reconsideration. Present remotely via Zoom were Defendant with counsel, Vanessa Williams, and paternal grandparents Joseph M. Palomo and Rosa S. Palomo (collectively, "the Palomos") with counsel, Catherine Bejerana-Camacho. Plaintiff John A. Salas ("Plaintiff") was not present. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Plaintiff and Defendant have one minor child, K.E.M. (DOB: 03/03/2011). The parties had previously been granted joint legal custody with Defendant having primary physical custody pursuant to a Stipulated Judgment. *See* Stipulation and Judgment re: Custody, Dec. 12, 2012. On September 15, 2021, Defendant filed a Motion to Modify Custody of K.E.M. (DOB:

*Salas vs. Mendiola*
Case No. DM0052-12
Decision and Order

03/03/2011) in light of Plaintiff's criminal history and lack of contact with the parties' minor child. After hearing on November 16, 2021, Defendant was awarded, *pendente lite*, sole physical and legal custody of the parties' minor child. *See* Order After Hearing Re Custody Pendente Lite, Jan. 26, 2022. The Court, however, also temporarily granted monthly visitation to the Palomos, in that they could continue to have a monthly lunch outdoors at a restaurant with K.E.M. Defendant subsequently filed a Motion for Reconsideration on November 19, 2021, to which the Palomos opposed. *See* Mot. Reconsideration, Nov. 19, 2021; Opp'n, Dec. 27, 2021. On January 10, 2022, Defendant filed her Reply.

On January 25, 2022, the Court heard arguments on the Motion, and placed the matter under advisement.

## DISCUSSION

Motions for reconsideration of trial court decision and orders are typically governed by Superior Court of Guam Local Rule CVR 7.1(i), which provides that:

A motion for reconsideration of the decision on any motion may be made only on the grounds of

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
(3) a manifest showing of a failure to consider material facts presented to the court before such decision.

No motion for reconsideration shall in any manner repeat oral or written argument made in support of or in opposition to the original motion.

Super. Ct. Guam R. CVR 7.1(i).

Since the Motion for Reconsideration was filed, the Court has received an updated Custody Study from the Department of Public Health and Social Services Bureau of Social Services Administration on January 21, 2022 as well as an Intake and Assessment from the Superior Court of Guam's Client Services and Family Counseling Division ("CSFC") on March 3, 2022. The Court notes that while Social Worker Orencia recommends that "visitations

*Salas vs. Mendiola*
Case No. DM0052-12
Decision and Order

Page 2 of 3

should remain status quo with Mr. and Mrs. Joseph Mendiola Palomo and Rosa Salas Palomo (on behalf of plaintiff, John Anthony Salas) and the minor, [K.E.M.]", she also sets forth "[t]hat visitations resume when Kailee is ready." (Custody Study at 24, Jan. 21, 2022). Social Worker Orencia also recommends that "the parties involved seek mediation with their interpersonal conflicts." *Id.* Dr. Jean Wycoff, Senior Judicial Therapist at CSFC, notes that "[t]here appears to be emotional strain in the relationship with her paternal grandparents (birth father) and other paternal relatives." (CSFC Intake and Assessment at 2, Mar. 3, 2022). According to Dr. Wycoff, "K.E.M. consistently reported that she is 'not comfortable' visiting at her grandparent's home and [is] 'not ready' to see them" and that "[s]he wants them to 'wait' until she feels more comfortable." *Id.* Dr. Wycoff indicates that "forcing the child to participate before she feels 'ready' is likely to make the situation worse." *Id.* Dr. Wycoff also sets forth that the Court "might want to offer the grandparents an opportunity to consult with a therapist regarding their concerns" and that "some future joint sessions with the adults, outside of the adversarial setting of the courtroom, might help to improve relationships." *Id.*

In light of Dr. Wycoff's assessment that forcing K.E.M. to participate in visitation with the Palomos' at this time is likely to make the situation worse, the Court finds that ordering such monthly visitation is not in her best interest. *See Howerton v. Howerton,* 2004 Guam 8 ¶ 4 (the principal consideration when determining custody is the best interests of the child); *see also* 19 G.C.A. § 8404(1)(a). The Court will offer the Palomos the opportunity to consult with a therapist and encourages joint sessions amongst the adults upon recommendation of Dr. Wycoff.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Reconsideration. A Status Hearing is set for July 14, 2022 at 2:30 pm via Zoom.

**IT IS SO ORDERED** this 6th day of April, 2022.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
V. Williard, C. Camacho, Arriola, P. Ayuyu
Date: 4-6-22 Time: 1:45pm

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

Deputy Clerk, Superior Court of Guam

*Salas vs. Mendiola*
Case No. DM0052-12
Decision and Order